MICHAEL F. MCDONALD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109104.    Promulgated March 10, 1943.

*Frederick E. S. Morrison, Esq.*, and *John W. Bodine, Esq.*, for the petitioner.

*Myron W. Winer, Esq.*, for the respondent.

**OPINION.**

HILL, *Judge:* The sole issue of this proceeding is whether or not petitioner is entitled to a deduction for his "re-election expenses," either as a business expense, as a loss suffered in a transaction entered into for profit, or as a nontrade or nonbusiness expense.

The Commissioner denied the deduction claimed in petitioner's return as a business expense on the ground that it was not an ordinary and necessary expense of carrying on a trade or business. On brief, he contends that it is not deductible under any of the sections relied upon by petitioner.

Petitioner first contends that he was a judge and was running for re-election. Thus, he contends that he was carrying on a trade or

business of being a judge and he should be allowed his "re-election expenses" as an expense of that trade or business. He seeks to distinguish his case from *David A. Reed*, 13 B. T. A. 513; reversed on another issue, 34 Fed. (2d) 263, which in turn was reversed *sub nom. Lucas* v. *Reed*, 281 U. S. 699.

However, the mere fact that petitioner was already an office holder and was running for re-election in no wise distinguishes the instant case from the *Reed* case, *supra*. The expenses incurred had nothing whatever to do with the performance of petitioner's functions as a judge. "Running for office of and within itself is not a business carried on for the purpose of a livelihood or profit, but is only preparatory to the actual deriving of income from a subsequent holding of the office, if elected." *David A. Reed, supra*, 524. See *Charles H. McGlue*, 45 B. T. A. 761, 769. Petitioner is not entitled to a deduction by virtue of section 23 (a) (1) (A), Internal Revenue Code, as amended.

Petitioner's next contention is equally without merit. He did not suffer a loss in a transaction entered into for profit so that he would be entitled to a deduction under section 23 (e) (2). He spent the money to help win the election. If he had so won, he would have been a judge for a term of 10 years at the fixed annual salary. The salary was not paid to the judge for the winning of the election, but rather for the performance of the judicial functions of a judge. No profit could inure to petitioner merely from winning the election; therefore it was not a "transaction entered into for profit."

The last question to be decided is whether or not petitioner is entitled to a deduction for the amount of his campaign expenses as a nontrade or nonbusiness expenditure under section 23 (a) (2), Internal Revenue Code, as amended by section 121 (a) of the Revenue Act of 1942. We say not.

Our holding that petitioner was not engaged in a trade or business would not deny him the benefit of a deduction for expenses "paid * * * for the production or collection of income, or for the management, conservation or maintenance of property held for the production of income." However, we have no doubt that it was not within the intendment of Congress to allow such expenses to be deducted under this section. See House Ways and Means Committee Report on Revenue Bill of 1942 at pages 74–76, and Senate Finance Committee Report at pages 87–88. Also of interest is the statement of Mr. Paul set forth at page 88 of volume 1 of the Hearings before the Ways and Means Committee. The expenditures upon which petitioner bases his claim for a deduction under this section are personal in nature. See *George W. Lindsay*, 34 B. T. A. 840. See also T. D. 5196, Internal Revenue Bulletin Dec. 14, 1942.

Furthermore, the concept that the holding not only of a high judicial office but of any public office constitutes a trade or business or a

transaction entered into for profit is a contradiction of the basic ideology underlying the principles of our government. Equally under the ban of public conscience and, hence, of public policy is the contention that expenditures made to promote one's candidacy for election to public office represent expenses "paid * * * for the production or collection of income, or for the management, conservation or maintenance of property held for the production of income."

We hold that Congress did not intend that expenditures of the character here involved should be deductible.

*Decision will be entered for respondent.*