NATIONAL ENGRAVING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 112737. Promulgated January 31, 1944.

*George A. Wulff, C. P. A.,* for the petitioner.
*Lester M. Ponder, Esq.,* for the respondent.

OPINION.

VAN FOSSAN, *Judge*: Petitioner contends that the excess of the insurance proceeds (substantially $10,000) above the amount paid by it for the Nellesen stock became capital in its hands; that the attorney fees expended in defense of the suit were incurred in the conservation of property held for the production of income and are deductible as expenses; and that, in any event, the fees were deductible business expenses. Counsel cites section 23 (a) (2), I. R. C., referring to nontrade or nonbusiness expenses, and *Kornhauser* v. *United States,* 276 U. S. 145.

The respondent contends that legal fees expended in defense of a suit involving a portion of the proceeds of insurance policies are allocable to a class of income, insurance proceeds, which is wholly exempt from the taxes imposed by chapter 1 of the Internal Revenue Code, by virtue of section 22 (b) (1), I. R. C.,[1] and are specifically made nondeductible by section 24 (a) (5), I. R. C.[2] He also contends that legal

---

[1] SEC. 22. GROSS INCOME.

    *        *        *        *        *        *        *

    (b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter :

    (1) LIFE INSURANCE.—Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income).

[2] SEC. 24. ITEMS NOT DEDUCTIBLE.

    (a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

    *        *        *        *        *        *        *

    (5) Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this chapter. * * *

fees expended by a corporation engaged in the business of photoengraving in defense of a suit to recover a portion of the proceeds of insurance policies are not ordinary and necessary expenses paid or incurred in carrying on such trade or business, citing *Van Wart* v. *Commissioner*, 295 U. S. 112; *Stone* v. *Commissioner*, 115 Fed. (2) 853, and other cases.

We are of the opinion that the complete answer to petitioner's case is found in the provisions of sections 22 (b) (1) and 24 (a) (5), I. R. C. Petitioner on brief suggests no answer to their applicability. Section 22 (b) (1), quoted in the footnote No. 1, provides that "amounts received under a life insurance contract paid by reason of the death of the insured * * *" "shall not be included in gross income and shall be exempt from taxation * * *" Section 24 (a) (5) provides that "no deduction shall in any case be allowed in respect of * * * any amount otherwise allowable as a deduction which is allocable to * * * classes of income * * * wholly exempt from the taxes imposed by this chapter * * *."

There is no doubt in our minds that the legal fees here in controversy are allocable in their entirety to the insurance proceeds received by petitioner under the life insurance contract, which proceeds were paid by reason of the death of Nellesen. This being true, the denial of the deduction follows automatically, even though the deduction be "otherwise allowable." As respondent pertinently observes in section 19.24–4 of Regulations 103:

The object of section 24 (a) (5) is to segregate the exempt income from the taxable income, in order that a double exemption may not be obtained through the reduction of taxable income by expenses and other items incurred in the production of items of income wholly exempt from tax. Accordingly, just as exempt items of income are excluded from the computation of gross income under section 22, so section 24 (a) (5) excludes from the computation of deductions under section 23 all items referable to the production of exempt income, other than exempt interest.

Once it be determined that an expense is allocable to exempt income, the item is not deductible and there is an end of the matter. Both sides of the equation must be considered. If the income is exempt from taxation expenses allocable to such income are not to be allowed as deductions. Any other treatment would result in double benefits by double exemption. Respondent's action is wholly within the letter and the spirit of the cited section.

The fact that the deduction in this case is to be so denied, even if otherwise allowable, makes it unnecessary to consider the other contentions advanced on brief by the parties.

*Decision will be entered for the respondent.*