HIGGINS v. UNITED STATES.
No. 46800.

Court of Claims.
Jan. 5, 1948.

254

Numa L. Smith, Jr., of Washington, D. C. (O. H. Chmillon and Miller & Chevalier, all of Washington, D. C., on the brief), for plaintiff.

John W. Hussey, of Washington, D. C., and Sewall Key, Acting Asst. Atty. Gen. (Andrew D. Sharpe and Lee A. Jackson, both of Washington, D. C., on the brief), for defendant.

Before JONES, Chief Justice, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

LITTLETON, Judge.

The issue presented involves the applicability of Section 23(a) (2) of the Internal Revenue Code which was added by Section 121 of the Revenue Act of 1942, 26 U. S.C.A. Int.Rev.Code, § 23(a) (2), and provides for certain deductions of non-trade or non-business expenses which were not previously allowable. That section was made retroactive for taxable year beginning after December 31, 1938.

At various times during 1938, 1939, and 1940, plaintiff purchased a substantial quan-

tity of turpentine as a speculative investment in transactions entered into for profit. He was not a trader or dealer in that commodity. He sold this turpentine at various times during 1939, 1941, and 1942, and realized a gross profit thereon. During the periods while this turpentine was held, he paid insurance and storage charges on account thereof. In filing his income tax returns for 1939 and 1940, he treated the amount of such insurance or storage charges as were paid with respect to the turpentine sold in those years as an offset against the selling price and thereby reduced the profit from such sales. However, after the passage of the Revenue Act of 1942, plaintiff, in 1943 and 1944, filed claims for refund for 1939 and 1940, respectively, on the ground that the insurance and storage charges paid in those years should be treated as deductions from gross income as non-business expenses under the provisions of Section 23(a) (2), supra, instead of being treated as offsets against the selling price of the turpentine sold. The Commissioner denied those claims.

The question is whether the insurance and storage charges paid by plaintiff for 1939 and 1940 come within the provisions of Section 23(a) (2), supra, which provides that in computing net income there shall be allowed as deductions—

"(2) Non-Trade or Non-Business Expenses.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

Prior to this amendment, another part of the same section, 23(a) (1), had provided for a deduction for "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," but no provision had existed for the allowance of the deduction of expenses of that nature where an individual was not engaged in carrying on a trade or business. In Bingham's Trust v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, 1237, 89 L.Ed. 1670, the Court said:

"The effect of § 23(a) (2) was to provide for a class of non-business deductions

co-extensive with the business deductions allowed by § 23(a) (1), except for the fact that, since they were not incurred in connection with a business, the section made it necessary that they be incurred for the production of income or in the management or conservation of property held for the production of income."

We think there can be no question but what insurance and storage charges are expenses which would be considered ordinary and necessary in the conduct of a business. If plaintiff had been regularly engaged in the business of buying and selling turpentine, insurance and storage charges on turpentine held for sale would clearly have been allowable deductions in determining the net income of such a business. In a business operation, the classification question would be whether they should be considered of a capital nature and therefore not allowable as a deduction from gross income or whether they should be considered as expense items and therefore allowable as deductions. The defendant argues that they should fall into the capital classification by analogy to commissions on stock transactions which, at purchase, are added to the cost of the stock and at sale are deducted from the selling price. But these insurance and storage charges are not a part of either the purchase or sale transactions of this turpentine. They are expenses incurred between the time the purchase transaction was completed and the sales transaction was begun. Their proper classification is as ordinary and necessary expenses rather than as capital items.

Under the statute therefore and as that statute was interpreted in the Bingham case, supra, these ordinary and necessary expenses are deductible from gross income if they satisfy the further requirement that they were expended "for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income." The Commissioner's regulations provide (Regulations 103, Section 19.23(a)–15) that—

"The term 'income' for the purpose of section 23(a) (2) comprehends not merely income of the taxable year but also income which the taxpayer has realized in a prior taxable year or may realize in subsequent taxable years; and is not confined to recurring income but applies as well to gains from the disposition of property."

In this case plaintiff entered into the transactions for profit, that is, for the production of income through the purchase and sale of the turpentine. The insurance and storage charges were incurred and paid during the period when the property was held with the hope and expectation that income would be realized from the transaction, and were reasonably necessary in order to conserve and maintain the property until sales could be effected. It is not necessary, either under the statute or the regulations, that the expenses be paid with respect to property which produced income during the year the expenses were paid; it is sufficient if they were paid in the "conservation, or maintenance of property held for the production of income." Bingham's Trust v. Commissioner, supra. Clearly these expenses satisfy that requirement.

It accordingly follows that the insurance and storage charges paid by plaintiff during the taxable years 1939 and 1940 are proper deductions from gross income for those years under the provisions of Section 23(a) (2), supra.

Judgment will be entered in favor of plaintiff for the amount of the overpayments, with interest, upon the submission by the parties of a computation or stipulation of the amount of such judgment in accordance with this opinion. It is so ordered.