ROBERT EDWARD KLEINSCHMIDT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16357. Promulgated May 31, 1949.

*Don O. Russell, Esq.*, for the petitioner.
*George E. Gibson, Esq.*, for the respondent.

922

## OPINION.

Arnold, *Judge*: Section 23 (a) (1) of the Internal Revenue Code authorizes a taxpayer to deduct from his gross income all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Petitioner contends that the expenses of $1,881 paid in connection with the libel suits were ordinary and necessary expenses of his law practice. Such expenses, he says, were "ordinary and necessary expenditures directly connected with or pertaining to" his trade or business, as set forth in section 29.23 (a)–1 of Regulations 111.

The code expressions "ordinary and necessary expenses" and "in carrying on any trade or business" are statutory concepts that have been construed by the courts on many occasions. *Welch* v. *Helvering*, 290 U. S. 111; *Deputy* v. *DuPont*, 308 U. S. 488; *Commissioner* v. *Heininger*, 320 U. S. 467, and cases cited in these opinions. The decided cases lay down no general rule or definition as to what constitutes "ordinary and necessary expenses," or what constitutes carrying on a trade or business. In the *Welch* case, *supra*, the Supreme Court remarked that "The standard set up by the statute is not a rule of law; it is rather a way of life." In the *DuPont* case, the Supreme Court pointed out that the general rule on construction of statutory provisions, under which a deduction is sought, is that the popular or received import of the words should be used. The *Heininger* case, *supra*, construed "ordinary and necessary" in accordance with "their commonly accepted meaning." The present facts must be examined in the light of these pronouncements.

The expenditures in question were not made by petitioner to augment his law practice. The taxpayer's business and his conduct

thereof were not involved in the libel suits. Such suits involved an effort on his part to recoup in dollars the alleged damage to his personal reputation and good name "as a citizen, lawyer, banker, and a churchman." If he had spent an equal sum in acquiring or enhancing his reputation and learning as a lawyer, he could not have deducted the expenditures as ordinary and necessary expenses of his business, *Welch* v. *Helvering*, *supra*,[1] nor do we believe that the expenses here involved were ordinary and necessary expenses of his law practice.

The libel suits were filed as the result of published statements made in the course of a political campaign. The expenditures were post-campaign, rather than campaign expenses. Petitioner could not have deducted the costs of his campaign for the judgeship as ordinary and necessary expenses, *McDonald* v. *Commissioner*, 323 U. S. 57, affirming 1 T. C. 738, so he seeks to deduct his post-campaign expenses as ordinary and necessary expenses of conducting his law office. He reasons that, since he had to be a lawyer to be the prosecuting attorney for the county and since he had to be a lawyer to be the judge of the Twenty-first Judicial Circuit, the expenses constituted a part of the expense of operating his law office. We can not agree that these expenditures were "ordinary and necessary" business expenses of practicing law under any commonly accepted meaning of the terms. The expenditures were not made as an incident to earning income in the practice of law, and section 23 confines "deductible expenses solely to outlays in the efforts or services * * * from which the income flows." *McDonald* v. *Commissioner, supra.*

In *Lloyd* v. *Commissioner*, 55 Fed. (2d) 842, affirming 22 B. T. A. 674, the president of a corporation incurred attorney fees and expenses in prosecuting a slander suit to judgment to protect his reputation and that of his business. In holding that such expenditures were not deductible as ordinary and necessary business expenses, the court said:

> There can be no doubt that the slanderous reports circulated by Wardrop were such as would tend to blacken the character or reputation of petitioner. This was a personal injury, however, and one for which, under the law, he was entitled to recover damages. The suit was not instituted by the corporation of which he was president, but by petitioner himself. In practically every case where slanderous reports are circulated about an individual and damage his character or reputation, such reports affect indirectly, and, to a certain extent, the business in which he is engaged. Any expense, however, incurred by him in defending his good name under such circumstances cannot be said to be *ordinary and necessary expenses incurred in carrying on his business.*
>
> "Slander" has been defined to be "words falsely spoken, which are injurious to the reputation of another." Bouv. Law Dict. Vol. 3, page 3079. This definition indicates that when the slanderous words spoken are about the reputation of an

---

[1] In its opinion the Supreme Court said:

"Reputation and learning are akin to capital assets, like the good will of an old partnership. Cf. *Colony Coal & Coke Corp.* v. *Commissioner*, 52 Fed. (2d) 923. For many, they are the only tools with which to hew a pathway to success. The money spent in acquiring them is well and wisely spent. It is not an ordinary expense of the operation of a business."

individual, such individual himself is the one who suffers the injury. Any damages recovered for such injury is recovered by the individual. Applying this rule to the instant case, the injuries were suffered by the petitioner, and had he collected the amount of the judgment, such sum would have been his own private property and would have had no connection whatsoever with his business. * * *

To the same effect is *Tinkoff* v. *Commissioner*, 120 Fed. (2d) 564, which involved a proceeding to expunge order of suspension. Cf. *Friedman* v. *Delaney*, 75 Fed. Supp. 568.

*Hyman Y. Josephs*, 8 T. C. 583, cited by petitioner in support of his position, was reversed in *Commissioner* v. *Josephs*, 168 Fed. (2d) 233; certiorari denied, *sub nom. Estate of Josephs* v. *Commissioner*, 335 U. S. 871. *Hochschild* v. *Commissioner*, 161 Fed. (2d) 817, reversing 7 T. C. 81, and *Luther Ely Smith*, 3 T. C. 696, also cited by petitioner, are distinguishable.

Reviewed by the Court.

*Decision will be entered for the respondent.*