FREDERIC A. SEIDLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33558.   Promulgated May 12, 1952.

*David Beck, Esq.*, for the petitioner.
*John J. Hopkins, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge:* The sole issue is whether the petitioner may deduct, under the provisions of section 23 of the Internal Revenue Code,[1] the amounts of $1,659.51 as litigation expenses in 1946 and $17,700 spent in 1947, which latter figure represents settlement payments of $12,700 and $5,000 in counsel fees paid in connection with the trust litigation.

It is petitioner's contention that the amounts expended were ordinary and necessary trade or business expenses under section 23 (a) (1) (A). It is sufficient to note upon this point that the petitioner was not in the business of acting as a trustee, there being no evidence that he ever so acted either prior to this occasion or subsequent thereto. He received no fees or commissions while acting in the capacity of a trustee and when the litigation commenced he stated he wanted none. This single instance of acting as a trustee was too isolated and too incidental to be considered a trade or business carried on by petitioner. *Willoughby H. Stuart, Jr.,* 32 B. T. A. 574, affd. 84 F. 2d 368; *Estate of Hyman Y. Josephs,* 12 T. C. 1069.

Nor were the payments ordinary and necessary expenses incurred in the taxpayer's business of exporting or engaging in real estate transactions. *Robert Edward Kleinschmidt,* 12 T. C. 921. The litigation expenses were incurred in attempting to protect and retain his personal interest in the corpus of the trust. Petitioner's connections with the grantor of the trust had no relation to his exporting and real estate business. The expenses are not deductible under section 23 (a) (1) (A). It follows also that the petitioner is unable to deduct these amounts as losses under section 23 (e) (1) wherein the trade or business requisite is the same.

Turning to the other provisions of section 23, I. R. C., and examining petitioner's contention that the sums paid were losses incurred in

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

(a) EXPENSES.—

    (1) TRADE OR BUSINESS EXPENSES.—

        (A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

        (2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

    (1) if incurred in trade or business ; or

    (2) if incurred in any transaction entered into for profit, though not connected with the trade or business ; * * *

a transaction entered into for profit, though not connected with his trade or business, as specified in section 23 (e) (2), albeit the petitioner undertook the fiduciary obligations of trustee to obtain for himself the corpus of the trust, and would not have done so unless he was assured of receiving such corpus, we cannot hold that this transaction was entered into for profit, as contemplated by the statute.

Petitioner argues, in effect, that when he gave assent to becoming a trustee he entered into a transaction for profit, namely, the acquisition for himself of the trust corpus, this notwithstanding the fact that an hour later he could have, under the terms of the agreement, withdrawn as trustee and appointed his successor without affecting his right to such corpus. Although the word "profit" is capable of proper usage in an infinite variety of situations, the word, when used, must not be taken from the context and must be defined in relation to its usage in the particular case. We cannot bring ourselves to hold that in the factual background of this case the situation comes within the concept of the word "profit" as used in section 23 (e) (2). Petitioner invested nothing and gave up nothing. In our opinion, the word is used to denominate a situation where there has been an investment of capital or labor with the hope of an accruing increment of value, a gain attributable to the employment of such capital or labor. We would define the word "profit" here in the ordinary every day meaning of the term, and, so defined, it does not fit the present situation, as construed by petitioner. See *Heiner* v. *Tindle*, 276 U. S. 582; *Weir* v. *Commissioner*, 109 F. 2d 996; and *Jones* v. *Commissioner*, 152 F. 2d 392. As stated in *Edgar M. Carnrick*, 21 B. T. A. 12, 22, "* * * The reasonable intendment of restricting non-business transactions resulting in losses to such as were entered into for profit is that, since the intended profit would be taxable, the losses suffered instead should be deductible. * * *" The acquisition of the trust corpus by a remainderman upon the death of the life beneficiary is not a taxable gain or profit to him. Section 22 (b) (3), I. R. C. Any loss should be treated in the same manner as the acquisition of profits. The litigation was not entered into by petitioner for profit and the expenditures must be denied deduction as losses. See, also, *National Engraving Co.*, 3 T. C. 178.

Petitioner's final contention is that the expenditures were ordinary and necessary nontrade or nonbusiness expenses incurred for the management, conservation or maintenance of property held for the production of income under section 23 (a) (2), I. R. C. The statute, however, contemplates situations where the property is so held for the production of income for the taxpayer himself. Whatever income accrued in this case was payable, not to the petitioner but to the life beneficiary, to the extent of $75 per week, with the balance, if any,

being added to the trust corpus. Since the property interest was not held by petitioner for the production of income for himself, petitioner must be denied deduction of the expenses incurred.

*Decision will be entered for the respondent.*