Raymond L. Collier and Elsie A. Collier v. Commissioner.
Collier v. Commissioner
Docket No. 46014.
United States Tax Court
T.C. Memo 1954-147; 1954 Tax Ct. Memo LEXIS 99; 13 T.C.M. (CCH) 857; T.C.M. (RIA) 54253; September 3, 1954, Filed *99 Deductions. - Sections 23(a)(1) and (a)(2) of the Internal Revenue Code of 1939. - Expenditures made by an unemployed business association executive in seeking new employment held, not deductible. Raymond L. Collier, 17900 Lake Road, Lakewood, Ohio, pro se. Theodore E. Davis, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency in income tax of $623.70 for the taxable year 1950. Several adjustments *100 made by the Commissioner are uncontested. The only question for decision is the deductibility of $1,874.64 expended by Raymond L. Collier in seeking new employment. Findings of Fact The stipulated facts are so found and the stipulation included herein by reference. Petitioners, Raymond L. Collier (hereafter referred to as petitioner) and Elsie A. Collier, residents of Lakewood, Ohio, filed a joint income tax return for 1950 with the collector of internal revenue for the eighteenth district of Ohio. In 1950, petitioner, who was a trade association executive drawing a salary of $20,000 per year, lost his position because of illness. Petitioner thereafter sought comparable employment through employment agencies in Cleveland. He also expended in 1950 the sum of $1,874.64 in seeking new employment which was itemized on the 1950 joint return as follows: Printed brochure, equipment, travel,
postage, etc.
$1,574.64
Stenographic services
300.00
$1,874.64
Petitioner was unemployed at the time the expenditures in search of employment were made. Opinion Petitioner contends the expenditures made in his search for employment are (1) either deductible as ordinary *101 and necessary expenses of carrying on a trade or business within the meaning of section 23(a)(1); or (2) deductible as expenses incurred for the production or collection of income or for the management, conservation or maintenance of property held for the production of income within the meaning of section 23(a)(2) of the Internal Revenue Code of 1939. In our opinion petitioner must fail in both his contentions. It is clear that the expenditures were made in seeking new employment. They were made at a time when he was unemployed. There is no factual basis in the record to support a conclusion that the amount in question was an ordinary or necessary trade or business expense. Petitioner was carrying on no trade or business when the expenditures were made. He was seeking new employment. In this respect the case is governed by the principle of Morton Frank, 20 T.C. 511. In that case this Court said: "The word 'pursuit' in the statutory phrase 'in pursuit of a trade or business' is not used in the sense of 'searching for' or 'following after,' but in the sense of 'in connection with' or 'in the course of' a trade or business. It presupposes an existing business with which *102 petitioner is connected. * * *" Also see Frank B. Polachek, 22 T.C. - (July 9, 1954), where it was said that amounts spent during the formative period of a business which did not materialize were not deductible in a year when the taxpayer had no trade or business. On the basis of the Frank and Polachek cases we conclude petitioner is not entitled to deduct the claimed expenditures under section 23(a)(1). Neither can his claim be sustained under section 23(a)(2). With reference to this section it was said in the Frank case referred to above: "Neither are the travel and legal expenses incurred by the petitioners in their attempt to find and purchase a business deductible under section 23(a)(2), Internal Revenue Code, which allows the deduction of expenses incurred in the production or collection of income or in the management, conservation, or maintenance of property held for the production of income. There is a basic distinction between allowing deductions for the expense of producing or collecting income, in which one has an existent interest or right, and expenses incurred in an attempt to obtain income by the creation of some new interest. * * *" *103 Petitioner did not incur the expenses in question to protect or further any existing employment. He was looking for a new interest - a new job. In a way this case is analogous to McDonald v. Commissioner, 323 U.S. 57, affirming 139 Fed. (2d) 400, affirming 1 T.C. 738, where the deductibility of the campaign expenses of a judge seeking reelection was involved, and the Supreme Court said: "He could, that is, deduct all expenses that related to the discharge of his functions as a judge. But his campaign contributions were not expenses incurred in being a judge but in trying to be a judge for the next ten years. * * *" We also refer to section 29.23(a)-15 of Regulations 111 which provides that expenses in seeking employment or in placing oneself in a position to begin rendering personal services for compensation are not allowable as a deduction under section 23(a)(2). We hold the claimed expenditures are not deductible. Decision will be entered under Rule 50.