DONALD B. JONES AND MERCY P. JONES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51910. Filed October 12, 1955.

*John P. Lipscomb, Jr., Esq.*, for the petitioners.
*Stanley W. Herzfeld, Esq.*, for the respondent.

6

10

OPINION.

BLACK, *Judge:* Some of the adjustments made by the Commissioner in his deficiency notice are not in dispute and effect will be given to them in a recomputation under Rule 50. There is really no dispute between the parties as to the facts. The issue is one of law.

The issue is whether the premiums paid by petitioner in 1950 on the policies of life insurance on the lives of Pulsifer and Elizabeth in the amounts of $1,105.60 and $381.30, respectively, are proper deductions from gross income in that year pursuant to the provisions of section 23 (a) (2), Internal Revenue Code of 1939, as petitioner contends, or whether such deductions must be disallowed because of the provisions of sections 22 (b) (1) and 24 (a) (5) of the 1939 Code, as the Commissioner has determined. Section 23 (a) (2) upon which petitioner relies is printed in the margin.[1]

The facts may be summed up briefly as follows:

In 1948, petitioner bought an interest in an inter vivos trust from one of the named remaindermen. A similar purchase of an interest under a testamentary trust was made in 1950. In each instance petitioner considered the purchase as an investment. In each instance petitioner was faced with the situation that if either of the remaindermen predeceased the life tenant then on the death of the latter the petitioner would get nothing. In other words, petitioner would realize on his investment only if the life tenant in question died before the remainderman. In the Elizabeth Sloan transaction this applied

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions:
(a) EXPENSES.—
(1) TRADE OR BUSINESS EXPENSES.—
(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *
* * * * * * *
(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

only as to the one of the two life tenants. Under these circumstances petitioner took steps which he thought would protect his investment against possible loss. Petitioner decided that insurance on the life of the remaindermen was the only practical protection available. Neither remainderman was willing to give any guarantee against loss. The remaindermen wished to realize in advance on their trust interests as much as they could and petitioner was willing to purchase their interests, or a part thereof, provided the former would cooperate in the procurement of insurance on their lives. Such insurance was obtained, and petitioner became the sole owner of the policies. He had no interest in this insurance as an investment and considered it solely as a protection for his investments.

The question is whether, under these facts just summarized, petitioner is entitled to a deduction of the premiums which he paid in 1950 on the insurance policies taken out on the lives of Pulsifer and Elizabeth. The regulations under section 23 (a) (1) have expressly recognized that an insurance premium paid to insure against the loss of business property is a deductible business expense, Regulations 111, section 29.23 (a)–1. Petitioner contends that the same rule is applicable to section 23 (a) (2) where a nontrade or nonbusiness expense is incurred. In support of his contention petitioner cites and relies upon *Higgins* v. *United States*, 75 F. Supp. 252.

In the instant case, as shown in the deficiency notice, respondent's reason for denying the deduction of the $1,486.90 life insurance premiums here involved was that such premiums are not deductible by reason of the provisions of section 24 (a) (5) inasmuch as the proceeds of the policies when and if paid to petitioner by reason of the death of those insured will constitute tax-exempt income to petitioner by reason of the provisions of section 22 (b) (1). Respondent still relies on this determination made in his deficiency notice. The sections of the Internal Revenue Code of 1939 upon which respondent relies are printed in the margin.[2]

We think respondent's determination must be sustained. In *Higgins* v. *United States*, *supra*, upon which petitioner strongly relies,

---

[2] SEC. 22. GROSS INCOME.

   (b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

     (1) LIFE INSURANCE, ETC.—Amounts received—

       (A) under a life insurance contract, paid by reason of the death of the insured; * * *

SEC. 24. ITEMS NOT DEDUCTIBLE.

   (a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

    *      *      *      *      *      *      *

     (5) Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this chapter, or any amount otherwise allowable under section 23 (a) (2) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this chapter;

sections 22 (b) (1) (A) and 24 (a) (5) were in no sense applicable. Therefore, we do not think that case is in point here. The first of these sections relied upon by respondent distinctly provides that amounts received by the beneficiary of a life insurance policy shall not be included in gross income. The second of the sections mentioned, section 24 (a) (5), provides, in substance, that amounts which are allocable to exempt income shall not be deductible even though they would otherwise be deductible. It is true, of course, that petitioner has never received any proceeds from either of the insurance policies which he took out on the lives of Pulsifer and Elizabeth. But we do not think this fact would have the effect of making the premiums which he paid in 1950 deductible. It seems to us that the payments of the life insurance premiums are properly allocable to the two life insurance policies of which, during the taxable year, petitioner was the beneficiary and that any insurance he might receive thereunder would be exempt from taxation. That being true, we think the premiums are rendered nondeductible by section 24 (a) (5). Section 29.22 (b) (1)-1 of Regulations 111 reads as follows:

SEC. 29.22 (b) (1)-1. LIFE INSURANCE—AMOUNTS PAID BY REASON OF THE DEATH OF THE INSURED.—The proceeds of life insurance policies, paid by reason of the death of an insured to his estate or to a beneficiary (individual, partnership, or corporation), directly or in trust, are excluded from the gross income of the beneficiary, except in the case of certain transferees as provided in section 29.22 (b) (2)-3 and in the case of a spouse to whom such payments are income under section 22 (k). It is immaterial whether the proceeds are received in a single sum or otherwise. If, however, such proceeds are held by the insurer under an agreement to pay interest thereon, the interest payments must be included in gross income. * * *

Respondent cites, as supporting his contentions, *National Engraving Co.*, 3 T. C. 179. In that case the taxpayer agreed with one of its stockholders to buy from his estate all of his stock in the taxpayer for $15,000. The taxpayer insured the stockholder's life for that amount in order to have available funds for the purchase. One of the insurance policies contained a double indemnity clause on which the taxpayer realized so that the total insurance collected was $25,000. The taxpayer, after paying $15,000 to the stockholder's executrix for the stock, was sued for the additional insurance which had been collected. In successfully defending that suit the taxpayer incurred legal fees which it claimed as a deductible expense on its income tax returns. We held that the deductions claimed under section 23 (a) (2), the same section under which the petitioner here claims the deduction, must be disallowed because of the provisions of section 24 (a) (5) and section 22 (b) (1). In holding against the taxpayer in the *National Engraving Co.* case, *supra*, we said:

Once it be determined that an expense is allocable to exempt income, the item is not deductible and there is an end of the matter. Both sides of the

equation must be considered. If the income is exempt from taxation expenses allocable to such income are not to be allowed as deductions. Any other treatment would result in double benefits by double exemption. Respondent's action is wholly within the letter and the spirit of the cited section.

It is true that in the *National Engraving Co.* case, *supra*, the deduction sought by the taxpayer was for attorney's fees expended in defense of a suit involving a portion of the proceeds of a life insurance policy which had been paid to the taxpayer upon the death of one of its stockholders, whereas the deduction involved in the instant case is for premiums paid on life insurance policies taken out on the lives of persons from whom petitioner had purchased contingent remainder interests and which policies were made payable to petitioner. This difference in the class of payments for which deduction is sought from those made in the *National Engraving Co.* case, *supra*, we think, makes no difference in the principle involved. The insurance proceeds from the two insurance policies, if and when collected by petitioner, we think would be exempt from taxation under section 22 (b) (1) (A). Therefore, deduction of the premiums is to be disallowed under section 24 (a) (5).

We sustain the Commissioner in his determination against the allowance of the deduction of the premiums.

*Decision will be entered under Rule 50.*