Harry D. Moreland and Ada K. Moreland v. Commissioner.
Moreland v. Commissioner
Docket No. 78434.
United States Tax Court
T.C. Memo 1960-178; 1960 Tax Ct. Memo LEXIS 114; 19 T.C.M. (CCH) 938; T.C.M. (RIA) 60178; August 31, 1960
Dickson M. Saunders, Esq., for the petitioners. T. M. Somer, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined a deficiency of $4,030.88 in the petitioners' income tax for 1956. The only issue presented is whether the petitioners are entitled to a deduction for expenditures made during 1956 by petitioner *116 Harry D. Moreland, in excess of campaign contributions received in an unsuccessful campaign for election to the United States House of Representatives from the First Congressional District of Oklahoma. Findings of Fact Some of the facts have been stipulated and are so found. The petitioners are husband and wife and reside in Tulsa County, Oklahoma. They filed their joint Federal income tax return for 1956 with the district director in Oklahoma City, Oklahoma. Petitioner Ada K. Moreland has been joined solely by reason of a joint return having been filed. Sometimes hereinafter Harry D. Moreland will be referred to as petitioner. The petitioner was admitted to practice law in Oklahoma in June 1922 and since that time he has been actively engaged in practice in that state. For a number of years prior thereto and until the latter part of 1959 the petitioner was a member of a partnership consisting of 7 attorneys engaged in the practice of law in Tulsa, Oklahoma. Since the latter part of 1959 the partnership has consisted of only 5 members. Approximately 90 per cent of the petitioner's net income for 1956 was from the practice of law. The petitioner's net income from that source *117 in 1955 was substantially the same as in 1956, in 1957 and 1958 was not quite as much as in 1956, and in 1959 was more than in 1956. In addition to being engaged in the practice of law, the petitioner during 1956 was engaged in breeding cattle, looked after some investments of a minor nature in oil and gas properties, and owned an undisclosed amount of stock in a natural gas pipeline company. In April 1956, the petitioner filed with the secretary of the Oklahoma State Election Board notice of his candidacy for the nomination for Congressman from the First Congressional District of Oklahoma on the Democratic ticket. The First Congressional District consisted of 10 counties. In the First Primary, which was held on July 3, 1956, the petitioner received the Democratic nomination, the vote for the Democratic candidates being as follows: Petitioner
14,487
Alexander Johnston
12,252
Lige Stewart
3,942
Howard Neal George
3,425
Charles T. Kirtley
3,027 There was only one candidate on the Republican ticket and there was no run-off primary, either Democratic or Republican. In the general election on November 6, 1956, the Republican candidate was elected, the vote *118 for the respective candidates being as follows: Page Belcher
114,896
Petitioner
86,123
Between the filing of notice of his candidacy in Paril 1956 and the general election on November 6, 1956, the petitioner engaged in various political campaign activities consisting of traveling over the 10 counties in the First Congressional District, making personal appearances, meeting voters, purchasing time for and appearing in and causing others to appear for him in television programs, purchasing time for and appearing in radio spot announcements, purchasing and causing to be distributed in the District, newspaper advertisements, placards, folders, cards, letterheads, paperback matches, fingernail boards, and other like campaign material. For a portion of the time the petitioner employed a publicity agent to work with newspapers. During 1956 the petitioner spent $20,469.22 in promoting his candidacy. Of the foregoing amount $2,775 represented campaign contributions he had received from others. Included in the $2,775 was a contribution of $500 made by the law partnership of which the petitioner was a member. In his income tax return for 1956 the petitioner reported as *119 income the campaign contributions of $2,775 and took a deduction of $20,469.22 which was explained in the return as "Unrecouped political expenses resulting from race for U.S. Congress." In determining the deficiency the respondent determined that the contributions of $2,775 did not constitute income and eliminated them from taxable income. The respondent also disallowed the deduction of $20,469.22 on the ground that expenditures made to obtain public office are not ordinary and necessary expenses incurred in the conduct of a trade or business. Opinion Relying on the provisions of sections 165 and 212 of the Internal Revenue Code of 1954, set out below, [1] the petitioner contend that the $20,469.22 spent during 1956 by petitioner in promoting his candidacy for Congressman from the First Congressional District of Oklahoma was deductible (1) as a loss incurred in a trade or business or (2) as a loss incurred in a transaction entered into for profit, though not connected with a trade or business, or (3) as expenses incurred for the production or collection of income. The respondent relying on, among others, McDonald v. Commissioner, 323 U.S. 57, *120 affirming 1 T.C. 738, takes the position that the amount in question was not deductible either as a loss or otherwise. Section 165(a) and (c)(1) and (2) of the Code of 1954, like the corresponding provisions of section 23(e)(1) and (2) of the Code of 1939, provides in the case of an individual for the allowance as a deduction of any loss sustained during the taxable year and not compensated for by insurance or otherwise if incurred in a *121 trade or business or if incurred in any transaction entered into for profit, through not connected with a trade or business. Section 212(1) of the Code of 1954, like the corresponding provisions of section 23(a)(2) of the Code of 1939, provides in the case of an individual for the allowance as a deduction of all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income. In addition to the issues involved in the above-mentioned contentions of the parties, the pleadings also present the issue of whether the $20,469.22 was deductible as ordinary and necessary expenses incurred in the conduct of a trade or business. From certain statements made by counsel for the petitioners at the hearing and from certain statements made on brief it is not clear what the position of the petitioners now is as to this issue. Such being the situation we will consider and dispose of the issue. Section 162(a) of the Code of 1954, like the corresponding provisions of section 23 (a)(1)(A) of the Code of 1939, provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in *122 carrying on any trade or business. In McDonald v. Commissioner, supra, the taxpayer, a lawyer, admitted to the bar of the State of Pennsylvania, in December 1938 was appointed by the governor of that state to serve an unexpired term as judge of the Court of Common Pleas of Luzerne County. Under Pennsylvania law such an interim judgeship is filled for a full term at the next election. The taxpayer accepted this temporary appointment with the understanding that in 1939 he would contest in both the primary and general elections for a full term. The term of a common pleas judge was 10 years and the salary was $12,000 a year. To obtain the support of his party organization he was required to pay to the party fund an "assessment" made by the party's executive committee against all of the party's candidates. The amounts of the "assessments" were fixed on the basis of the total prospective salaries to be received from the various offices. The proceeds from the "assessments" went to the general campaign fund in the service of the party's entire ticket. In addition to the payment of an "assessment" of $8,000 made against him, the taxpayer also spent $5,017.27 for customary campaign *123 expenses - advertising, printing, traveling, etc., or a total of $13,017.27. The taxpayer was defeated in the general election. In his income tax return for 1939 he deducted the $13,017.27 as "reelection expense." The Commissioner disallowed the deduction. The taxpayer contended that he was entitled to deduct his campaign expenses under section 23(a)(1)(A) of the Code (1939) as ordinary and necessary expense of carrying on a trade or business, or under section 23(e)(2) as a loss sustained in a transaction entered into for profit, or under section 23(a)(2) as a nontrade or nonbusiness expense paid or incurred for the production or collection of income. Pointing out that in 1939 the taxpayer's business was that of being a judge and that his campaign expenses were not incurred in the business of being a judge but in trying to be a judge for the next 10 years, and that there was no clear provision in section 23(a)(1)(A) for their allowance as a deduction, the Supreme Court held that they were not deductible as ordinary and necessary business expense. Pointing out that the taxpayer's campaign expenses were not made to buy the election but to buy an opportunity to persuade the electors, *124 and that his expenses were not an insurance of victory frustrated by "an act of God" but the price paid for an active share in the hazards of popular elections, the Court held that to "argue that the loss of the election proves that the expense incurred in such election is a deductible 'loss' under § 23(e)(2) is to play with words." The Court further was unable to find that the provisions of section 23(a)(2), which was added to the Code of 1939 by section 121 of the Revenue Act of 1942, were intended to or did provide for the allowance of campaign expenditures as deductible expenses incurred for the production or collection of income. The petitioner testified that he sought the office of Congressman to augment his income to the extent of the salary of a Congressman and to attract additional legal business and income to his law firm. He also testified that even though he was not elected to Congress he was of the opinion that he had obtained some legal business as a result of his campaign. However, he gave no indication as to the extent or financial significance of any business so obtained. Since petitioner's income from his law practice was about the same in 1956 as in 1955, and *125 was less in 1957 and 1958 than in 1956, it would appear that any legal business resulting from his campaign was merely incidental and of nominal financial importance. In our opinion the instant case is controlled by the holdings of the Supreme Court in the McDonald case and upon the authority of that case we hold for the respondent. In this connection we observe that even though a candidate for public office is elected his campaign expenses are not deductible as ordinary and necessary business expenses. Mays v. Bowers, 201 F. 2d 401, certiorari denied 345 U.S. 969; David A. Reed, 13 B.T.A. 513, revd. on another issue 34 F. 2d 263, which in turn was revd. sub nom. Lucas v. Reed, 281 U.S. 699. Decision will be entered for the respondent. Footnotes
1. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *
(c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; * * * SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - (1) for the production or collection of income; * * *↩