WILLOUGHBY H. STUART, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73869. Promulgated May 7, 1935.

*Abbot P. Mills, Esq.*, for the petitioner.
*J. R. Johnston, Esq.*, for the respondent.

OPINION.

Smith: Section 23 of the Revenue Act of 1928 permits an individual to deduct from gross income, among other items:

(a) *Expenses.*—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

*      *      *      *      *      *      *

(e) *Losses by individuals.*—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

(1) if incurred in trade or business; or

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or

(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft.

The petitioner claims deduction of the payment of $35,633.55 as a loss under section 23 (e) of the Revenue Act of 1928, and of the payment of the $7,411.26 as an expense under section 23 (a) of the statute. The respondent has disallowed these deductions upon the ground (1) that the $35,633.55 was not a loss incurred in business; and (2) that the attorneys' and accountants' fees in the amount of $7,411.26 were not ordinary and necessary expenses paid during the taxable year in carrying on any trade or business.

With regard to the payment of the $35,633.55, it is pertinent to consider whether this represented a loss to the petitioner. The Arioch Wentworth trust had sustained a loss of $71,267.10 upon its loan in 1914 of $75,000 to the Quigley Furnace & Foundry Co. Since 1926 the petitioner and his cotrustee have been equal life beneficiaries of the income of the trust. Upon the death of either trustee his half of the income is payable to his children and upon the ultimate dissolution of the trust, that is, upon the death of the other trustee, the corpus and accumulations of the trust are to be divided per capita among the children of the above trustees. At the hearing of this proceeding the petitioner had four living children and his cotrustee three. By the payment of $35,633.55 by each trustee to the corpus of the trust their immediate estates were

reduced by that amount, but the corpus of the trust was increased by the total and their estates (including therein their interests in the trust) were not diminished. Assuming, however, that an actual loss was sustained by the petitioner from the payment into the trust, we are of opinion, for reasons stated hereinafter, that the amount is not a legal deduction from gross income.

At the hearing of this proceeding the petitioner testified that when in 1914 he consented to the loan by the trust of $75,000 to the Quigley Furnace & Foundry Co., and also when in 1930 he reimbursed the trust to the extent of $35,633.55, he never expected personally to profit therefrom. See *Burrows McNeir*, 30 B. T. A. 418. The loss, if any, was not therefore one " incurred in any transaction entered into for profit " within the meaning of section 23 (e) (2) of the Revenue Act of 1928. It follows that if the amount is a legal deduction from gross income it must be by reason of having been " incurred in trade or business."

The term " business " has been defined as " that which occupies the time, attention and labor of men for the purpose of livelihood or profit " (Bouvier's Law Dictionary), and this definition was adopted by the United States Supreme Court in *Flint* v. *Stone Tracy Co.*, 220 U. S. 107; *Von Baumbach* v. *Sargent Land Co.*, 242 U. S. 503. The respondent contends that the petitioner's activities as trustee did not constitute a business within the meaning of the taxing statute. He points to the fact that the petitioner's return for 1930 did not show any income from the receipt of commissions for acting as trustee.

The evidence indicates that the petitioner's activities as trustee were not " for the purpose of livelihood or profit." Although the petitioner testified that his only business during the tax year 1930 and for many years prior thereto was acting as trustee, the evidence does not show how much of his time was devoted to such activities. He testified that he was at his office " day after day ", but it is apparent from the entire testimony that his income was from one or more trusts and from interest and dividends and profits from the sale of securities which he owned individually. In *Dalton* v. *Bowers*, 287 U. S. 404, and *Burnet* v. *Clark*, 287 U. S. 410, the question was whether a net loss was sustained under section 206 (a) and (b) of the Revenue Act of 1924 and section 204 (a) and (b) of the Revenue Act of 1921, which permit the carrying forward of a net loss " attributable to the operation of a trade or business regularly carried on by the taxpayer." In its opinion in *Dalton* v. *Bowers*, *supra*, the Supreme Court quoted with approval the following language from the opinion of the Circuit Court of Appeals for the Second Circuit in the same case, 56 Fed. (2d) 16:

By the statute, allowing the deductions and carrying over the loss for two years, Congress intended to give relief to persons engaged in an estab-

lished business for losses incurred during a year of depression in order to equalize taxation in the two succeeding and more profitable years. It was not intended to apply to occasional or isolated losses. * * *

Although the decisions of the Court in the above cited cases are not strictly in point, inasmuch as the question there was whether the business was " regularly carried on by the taxpayer ", they stand for the proposition that the term " business " means an established business, and we think that the term " trade or business " used in section 23 (e) (1) of the Revenue Act of 1928 likewise refers to an " established " trade or business; otherwise, there would be no reason for section 23 (e) (2). Where a taxpayer seeks to deduct from income an amount claimed as a loss incurred in trade or business it must be shown that such loss was sustained in the actual business of the taxpayer as distinguished from isolated personal transactions. This principle was upheld by the Court of Claims in *Rogers* v. *United States*, 41 Fed. (2d) 865, in which it was stated:

* * * A single isolated activity or transaction is not sufficient to constitute a business or trade. *J. J. Harrington*, 1 B. T. A. 11; *Fridolin Pabst*, 6 B. T. A. 843; *Harry J. Gutman*, 7 B. T. A. 500.

In *Mente* v. *Eisner* (C. C. A.) 266 F. 161, 162, 11 A. L. R. 496, the court said:

" We think that the language ' losses incurred in trade ' are correctly construed by the Treasury Department as meaning in the actual business of the taxpayer, as distinguished from isolated transactions. If it had been intended to permit all losses to be deducted, it would have been easy to say so. Some effect must be given to the words ' in trade.' "

See *Philip D. C. Ball*, 27 B. T. A. 388. Cf. *Chaloner* v. *Helvering*, 69 Fed. (2d) 571; *Philip Rhinelander*, 30 B. T. A. 121.

We are of the opinion that the respondent correctly disallowed the deduction of the claimed loss in the amount of $35,633.55.

We are also of the opinion that the petitioner's claim for the deduction of $7,411.26 paid as attorneys' and accountants' fees in 1930 stands on no better ground. This amount, if deductible at all, must be an "ordinary and necessary " expense " paid or incurred during the taxable year in carrying on any trade or business." In view of our conclusion that the petitioner was not engaged in carrying on a trade or business, the amount is not a legal deduction from gross income.

The remaining issue relates to the failure of the respondent to treat as a capital gain in computing the deficiency an amount of $1,649 representing the profits realized by the petitioner from the sale in 1930 of 14 shares of preferred and 52 shares of common stock of the Multibestos Co. which he acquired in 1920. The evidence shows that the amount for which the respondent held the petitioner liable to income tax on this count was $1,558.25 and not $1,649. The evidence further shows that the revenue agent who examined the

petitioner's books of account for the purpose of verifying his income tax return for 1930 assumed that the petitioner acquired the Multibestos stock in 1930. It was, however, acquired in 1920. In view of this fact the petitioner is entitled to be taxed upon the profit of $1,558.25 as from a sale of capital assets, along with other gains from the sale of capital assets.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

BLACK and LEECH dissent, being of the opinion that the disputed expense and loss items were deductible under section 23 (a) and (e) (1) of the Revenue Act of 1928.