HYMAN Y. JOSEPHS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8294. Promulgated March 25, 1947.

*H. A. Dancer, Esq.*, for the petitioner.
*Edward C. Adams, Esq.*, for the respondent.

## OPINION.

ARUNDELL, *Judge*: We need not decide whether the petitioner, acting as administrator, was engaged in carrying on a trade or business so as to make the payment of $10,000 in settlement of the suit and the $1,500 attorneys' fees deductible under section 23 (a) (1) (A), because we have reached the conclusion that the expenses are deductible under section 23 (a) (2) of the Internal Revenue Code.[1]

Prior to the adoption of section 23 (a) (2) the statute made provision for deduction of expenses only if the taxpayer was engaged in carrying on a trade or business. In earlier years, under a broad and liberal interpretation of the term "trade or business," expense deduc-

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

   (a) EXPENSES.—

   (2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

tions were allowed both administratively and judicially to taxpayers who incurred the expenses in connection with the production of taxable income or in connection with income-producing property. Later, conflict developed in the matter; and in 1941 the Supreme Court resolved the conflict in its decision in *Higgins* v. *Commissioner*, 312 U. S. 212, strictly limiting the scope of the term "trade or business." The enactment by Congress in 1942 of section 23 (a) (2) followed shortly upon the heels of the *Higgins* case and provided for deduction of nontrade or nonbusiness expenses.

While it is true that the new statute was interpreted rather strictly in the first two or three years following its enactment (see, for example, *Estate of Edward W. Clark, III*, 2 T. C. 676, and *Stoddard* v. *Commissioner*, 141 Fed. (2d) 76), in 1945 the Supreme Court decided *Bingham's Trust* v. *Commissioner*, 325 U. S. 365, pointing out that section 23 (a) (2) is comparable and *in pari materia* with section 23 (a) (1); that section 23 (a) (2) provides for a class of nonbusiness deductions coextensive with the business deductions allowed by section 23 (a) (1), except that the taxpayer need not be engaged in trade or business; and that the principle of *Kornhauser* v. *United States*, 276 U. S. 145, applicable to section 23 (a) (1)—i. e., that the expense be directly connected with or proximately result from the conduct of the business—is likewise applicable to those activities which fall within section 23 (a) (2). Following the *Bingham* case, this and other courts have taken a noticeably broader view of section 23 (a) (2). See, for example, *Howard E. Cammack*, 5 T. C. 467; *Philip D. Armour*, 6. T. C. 359; *Julius A. Heide*, 8 T. C. 314; *Stoddard* v. *Commissioner*, 152 Fed. (2d) 445.

Thus, under the principles of the *Bingham* case, we are to determine here whether the expenses in question are directly connected with or proximately result from an income-producing activity or from an activity consisting of the management of income-producing property so as to make them deductible under section 23 (a) (2). And, we see no reason why the term "production or collection of income" should be construed any more narrowly or strictly than the term "management, conservation, or maintenance of property held for the production of income." That is to say, there is no reason why the connection between the expense and the activity need be any more direct or proximate in the one case than in the other. Any expense which would be deductible under section 23 (a) (1) if the taxpayer's activities amounted to the carrying on of a trade or business is deductible under section 23 (a) (2) where the activities do not quite measure up to a trade or business but nevertheless were embarked upon by the taxpayer with the expectation of realizing income or profit. The corollary, of course, is that any expense, such as strictly personal, living

or family expenses, which would not be deductible under section 23 (a) (1) is likewise not deductible under section 23 (a) (2).

In the instant case it can not be gainsaid that the expenses in question would be deductible under section 23 (a) (1) if the taxpayer's activities as administrator amounted to the carrying on of a trade or business. *John Abbott*, 38 B. T. A. 1290. The evidence establishes positively that petitioner entered upon his duties as administrator with the expectation of being paid for his services. We have found as a fact that he would not have accepted the office if he had not expected to receive compensation. Indeed, no reason appears on this record why he should otherwise have accepted the office or why the heirs should have expected him to serve without compensation. He was not a relative of the decedent, and he had no interest in the decedent's business.

This being so, we think it immaterial that several years later, i. e., after the controversy with some of the heirs arose in 1939 or 1940 and petitioner was threatened with suit, he agreed to forego the compensation and fees to which he was entitled in order to promote a settlement. Cf. *Julius A. Heide, supra*. Certain it is that petitioner entered upon his office as administrator with the expectation of realizing income and that the expense payments in question were a direct result of his activity as administrator. We therefore hold that the expenses are deductible under section 23 (a) (2).

Reviewed by the Court.

*Decision will be entered under Rule 50.*

KERN, *J.*, dissents.

---

DISNEY, *J.*, dissenting: The majority opinion appears to state the basis therefor in the following:

Thus, under the principles of the *Bingham* case, we are to determine here whether the expenses in question are directly connected with or proximately result from an income-producing activity or from an activity consisting of the management of income-producing property so as to make them deductible under section 23 (a) (2). And, we see no reason why the term "production or collection of income" should be construed any more narrowly or strictly than the term "management, conservation, or maintenance of property held for the production of income." * * *

This, despite the fact that the petitioner in this case did not rely upon the first part of section 23 (a) (2), but upon the fact of expense paid "for the production or collection of income." No argument is made that there was expense "for the management, conservation, or maintenance of property held for the production of income." The *Bingham* case (325 U. S. 365) is nowhere cited or relied upon by the petitioner. The reason is obvious. That case was rested on the fact that

the expenses involved had to do, not with the first part of section 23 (a) (2) herein relied upon, but with the second part, as to reasonable and proximate relation to the *management of property* held for the production of income, and I think that we should be careful not to give the case undue weight when we are considering, not the second part of section 23 (a) (2), but the first part, having to do with expenses "for the production or the collection of income." That the case is so limited is shown early therein in the following statement:

* * * The questions whether, on the facts found, the expenses in question are nondeductible, either because they were not to produce income or because they were related to the management of property which was not held for the production of income, turn in this case on the meaning of the words of § 23 (a) (2), "property held for the production of income."

After so stating, the Court then proceeds to approve the conclusions of the Tax Court that "the trust property was held for the production of income during the stated term of the trust," and to hold that such holding for the production of income did not cease until distribution of the trust property, and points out that the Tax Court had held the expenses to be expenses of management of the trust. The Government had contended that under section 23 (a) (2) as a whole there could be no deduction unless the expenses were not only for management, conservation, or maintenance of property held for the production of income, but were also "for the production or collection of income." This the Court denies, pointing out that section 23 (a) (2) provides for two classes of deductions, that is, expenses for the production of income, and expenses of management, conservation, etc., of property held for the production of income, and that "There is no warrant for such a construction"—that is, the Government's view or construction. Then follows immediately:

* * * Section 23 (a) (2) is comparable and in pari materia with § 23 (a) (1), authorizing the deduction of business or trade expenses. Such expenses need not relate directly to the production of income for the business. It is enough that the expense, if "ordinary and necessary," is directly connected with or proximately results from the conduct of the business. *Kornhauser* v. *United States,* supra, 276 U. S. 152, 153; *Commissioner* v. *Heininger,* supra, 320 U. S. 470, 471. The effect of § 23 (a) (2) was to provide for a class of non-business deductions coextensive with the business deductions allowed by § 23 (a) (1), except for the fact that, since they were not incurred in connection with a business, the section made it necessary that they be incurred for the production of income or in the management or conservation of property held for the production of income. * * *

In short, the quoted language is merely argument that expenses do not need to come under both parts of section 23 (a) (2), as is shown by the fact that the Court (after citing authorities) proceeds:

Since there is no requirement that business expenses be for the production of income, there is no reason for that requirement in the case of like expenses

of managing a trust, so long as they are in connection with the management of property which is held for the production of income. Section 23 (a) (2) thus treats the trust as an entity for producing income comparable to a business enterprise, and like § 23 (a) (1) permits deductions of management expenses of the trust, even though the particular expense was not an expense directly producing income. It follows that all of the items of expense here in question are deductible if, as the Tax Court has held, they are expenses of management or conservation of the trust fund, whether their expenditure did or did not result in the production of income.

That the Supreme Court bases its conclusion in the *Bingham* case on the fact of *management of property* can not be gainsaid, and we will do well, I think, to hesitate about applying it to "expenses paid or incurred * * * for the production or collection of income," under the first part of section 23 (a) (2). It does not, in terms or by inference, hold that such expenses need have only some kind of proximate connection with such collection or production. Its reference to proximity of connection is definitely to "conduct of business" and to "litigation expenses when they are directly connected with or proximately result from the enterprise—the management of property held for production of income." I find in the *Bingham* case neither mandate nor reason to deviate from the text of the statute requiring expenses, in order to be deductible under the first grounds, to be "paid or incurred * * * for the production or collection of income" and to say that such expenses need only have some proximate relation to such collection or production. It is much easier to see how the "management, conservation, or maintenance of property held for the production of income" is in the nature of a business, "comparable to a business enterprise," in the words of the *Bingham* case, and so analogous thereto that expenses thereof come within the very broad expression "carrying on any trade or business," in section 23 (a) (1). "Carrying on any trade or business" easily involves almost anything having any proximate or incidental relation thereto, but it seems to me that the expression "paid or incurred * * * *for* the production or collection of income" requires not merely connection between expense and collection or production of income, but a causal connection, that is, that the expenses are *caused by* such production or collection. The *Bingham* case, in any event, is bottomed on the second part of section 23 (a) (2), the management, etc., of property held for the production of income, as is shown by the repeated use of the word "management" throughout the opinion; and it is no basis, in my view, for reasoning, good or bad, as to the first portion of the statute concerning expense of collection or production of income. If it were true that we should stretch the words "paid or incurred * * * *for* the production or collection of income" to encompass broadly expenses not *caused* by production or collection of income, or attempts so to do, the *Bingham* case is no authority for so doing; it neither

requires nor allows us to go entirely beyond the words of the statute and to allow deductions which, though they may be seen to have some kind of connection with production or collection of income—such as expenses paid in settling a case, not brought to collect income, but involving some relationship, such as trust, where fees or income might have been involved—are equally clearly seen not to be caused by collection or production of income, or attempts so to do. Congress intended, undoubtedly, to broaden old concepts, and if there was expense of management, etc., of property held for income-producing purposes, something like "carrying on" a trade or business, a broad concept appears—"co-extensive with the business deductions allowed by § 23 (a) (1)," in the words of the *Bingham* case. But when it comes to expense paid *for* collecting income, or producing it, it seems to me that the new ide^ ^essarily much more limited and that Congress did not intend that we permit deductions having casual, but not chusal, connection with such production or collection of income—unless, as in the *Bingham* case, on the facts the expense may broadly be seen as within management, etc., of property, something akin to the generality "carrying on any trade or business," found in section 23 (a) (1).

Here, the petitioner's contention is that the expenditure in question was incurred for the production or the collection of income, and he bases his argument primarily on the theory that petitioner had, some eleven years before, entered into a fiduciary relationship, expecting to receive a fee, and, since the expenditure of the sum in question was incurred in settling a lawsuit that arose because of that fiduciary relationship, the amount expended was for the production or the collection of income. This does not follow. The statute requires the expense, itself, to be for the production or collection of income. The case of *Estate of Edward W. Clark, III,* 2 T. C. 676, was based on facts substantially the same as those in the instant case. There the petitioner served as executor and trustee and actually received a fee for the services rendered (under the law of that state, Pennsylvania, a person who under a will fulfills the duties of both executor and trustee is entitled to one fee) and paid as an expense a sum for attorney fees for defending a suit for mismanaging the trust. The Court disallowed the payment of the attorney fees, first, on the ground of lack of proof, stating in part, "on this scant record we might justly disallow the item for paucity of proof"; and then the Court said:

* * * There is, however, a further reason for the disallowance. Petitioner relies on section 23 (a) (2) of the Internal Revenue Code, as amended by section 121 of the Revenue Act of 1942. Obviously the expense was not paid or incurred "for the production or collection of income." * * *

In considering the cited case, we observe that there were sufficient facts to reveal what the payment was for and there could be no doubt

but that the expense arose in connection with the petitioner's fiduciary relationship. However, we disallowed the deduction.

The expense in the instant case is not for the production or collection of income; rather, it is for settling a lawsuit in which there could have been no possibility of producing or collecting any income. No action was instituted by the petitioner, no attempt was made by him to collect income or produce it for himself or the estate, either by action or crossaction in the case filed by the heirs. He was altogether on the defensive, not intending or trying to collect anything. On the contrary, he had, a few days after the petition for accounting was filed in the probate court, said that any fees or expenses he might be entitled to could be waived or forgotten, or entirely eliminated, and that, if it would accomplish or contribute anything to a settlement of the controversy which was arising among the heirs in closing the estate, he was glad to forego any fees or expenses. It is noticeable that this was apparently at least two months before the filing of the account by the administrators, nearly four months before objections were filed, and more than a year before the suit was filed in which the $300,000 damages were asked and which several months later was settled by the payment of $10,000 by the petitioner.

In *Julius A. Heide*, 8 T. C. 314, in sustaining a deduction under the first part of section 23 (a) (2), we pointed out that the petitioner had, in asking settlement of trustees' accounts, asserted claim for the commissions due him—precisely the element not only absent here, but waived by the petitioner. It is apparent, I think, that, even assuming that proximate connection between expense incurred and production or collection of income is a sufficient basis for the deduction, there was no such proximate connection under the facts here. The administrators' account asked neither for fees nor commissions. The majority opinion is based upon a part of section 23 (a) (2) not relied on, and upon facts occurring long before the case which was settled and in which the petitioner definitely did not seek production or collection of income. There was no causal connection between collection or production, or attempt at collection or production of income (for there was none), and the expenses paid by petitioner. "For," in the phrase "for the production or collection of income," can connote nothing less than causal connection. *John H. Wilmott*, 2 T. C. 321.

Since the expense is not for the "production or collection of income" and there is no contention that the expense comes under the provision of the statute as to "management, conservation or maintenance of property held for the production of income," we should hold that petitioner should be denied this deduction as claimed under section 23 (a) (2). I respectfully dissent.

ARNOLD, *J.*, agrees with this dissent.