ESTATE OF HYMAN Y. JOSEPHS, DECEASED, ARTHUR C. JOSEPHS, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8294. Promulgated June 14, 1949.

*H. A. Dancer, Esq.*, for the petitioner.
*Edward C. Adams, Esq.*, for the respondent.

### OPINION.

ARUNDELL, *Judge*: This proceeding arises from the decision of the Circuit Court of Appeals for the Eighth Circuit in *Commissioner* v. *Josephs*, 168 Fed. (2d) 233, wherein our decision in *H. Y. Josephs*, 8 T. C. 583, was reversed and the cause remanded to this Court with instructions for us to make an additional finding of fact.

In *H. Y. Josephs, supra*, we held that petitioner's decedent, who had acted as an administrator of an estate with the expectation of profit, was entitled to deduct in 1941, as nontrade or nonbusiness expense under section 23 (a) (2) of the Internal Revenue Code, $1,500 expended by him as attorney's fees and $10,000 paid as a settlement in connection with a suit instituted by the dissatisfied heirs of the estate. Being of that opinion, we considered it unnecessary to decide in that case whether the petitioner's decedent, as an administrator, was engaged in carrying on a trade or business so as to make the amounts in issue deductible under section 23 (a) (1) (A).*

The Circuit Court of Appeals, in *Commissioner* v. *Josephs, supra*, reversed the decision of this Court and held that the amounts were not allowable as deductions under section 23 (a) (2) and remanded the cause to this Court for a determination of whether the petitioner's decedent, the late H. Y. Josephs, was in fact carrying on a trade or business while acting as an administrator.

---

*SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions :
(a) EXPENSES.
(1) TRADE OR BUSINESS EXPENSES.—
(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *

It is apparent from the record that petitioner's decedent was not engaged in a trade or business as an administrator in the sense that such a business is conducted by a corporate trustee or by an individual who regularly engages in the business of serving as a trustee or as an executor. Cf. *John Abbott*, 38 B. T. A. 1290. It appears that the only occasion on which Josephs was called upon to act as administrator was in connection with the Freimuth estate. However, it is possible that an administrator's activities in handling a single estate may be of sufficient scope and duration as to constitute his being engaged in a trade or business as administrator, *Wallace's Estate* v. *Commissioner*, 101 Fed. (2d) 604; *John Preston Rice*, 44 B. T. A. 749, although it is interesting to note the comment of the Supreme Court in *United States* v. *Pyne*, 313 U. S. 127, that "Executors who engage actively in trade and business are the exception and not the rule." The question we must now decide is whether or not Josephs' activities may be so classified.

Josephs, since 1891 and throughout the years he acted as an administrator in the Freimuth estate, was engaged in the scrap iron business in Duluth, Minnesota. Prior to Freimuth's death he had been a friend of the decedent, was acquainted with his family, and, on Freimuth's death in 1930, was unanimously chosen by the heirs to act as one of the three administrators. It may be conceded that Josephs was a constant source of financial advice, that he filed numerous reports, conferred with the heirs, and performed other valuable services in connection with the administration of the estate. As an administrator he was a stockholder and director of the Delaware corporation from 1930 to 1934 and a stockholder in the succeeding Minnesota corporation from 1934 to 1941, but it is clear that the actual management of the business was principally in the hands of David Freimuth, an heir and coadministrator, and not in Josephs.

The record provides us with little of the detail of Josephs' activities as administrator. The evidence that has been presented indicates to us that the scope of his activities was not sufficient to classify him as anything more than a casual administrator. After careful consideration of all the evidence, we find, in addition to the facts found by us in *H. Y. Josephs*, *supra*, the added fact that Josephs' activities in the administration of the Freimuth estate were not sufficient to constitute the carrying on of a trade or business within the meaning of section 23 (a) (1) (A) of the Internal Revenue Code.

In its opinion in *Commissioner* v. *Josephs*, *supra*, the Circuit Court of Appeals made the following comment: "It is impossible to believe that the expenses of respondent in this case were such as ordinarily and necessarily result from the activities of a fiduciary." While this statement might indicate that it was the Circuit Court's view that in

no circumstances could the expenditures be regarded as ordinary and necessary, we reject that conclusion as being inconsistent with the court's action in remanding the cause for a finding of fact as to whether or not the activities of petitioner's decedent as administrator constituted the carrying on of a trade or business.

In any event, in the light of our conclusion that Josephs was not carrying on a trade or business, it follows that the amounts in issue are not deductible under section 23 (a) (1) (A).

*Decision will be entered under Rule 50.*