Ferdinand BEER, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Anne F. STRAUSS, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Ferdinand BEER, as Executor of the Estate of Beulah Beer, deceased,
Plaintiff,

v.

UNITED STATES of America,
Defendant.

John L. STRAUSS, Plaintiff,

v.

UNITED STATES of America,
Defendant.

L. HAMMEL DRY GOODS COMPANY,
a corporation, Plaintiff,

v.

The UNITED STATES of America,
Defendant.

Civ. A. Nos. 1084–1087, 1303.

United States District Court
S. D. Alabama, S. D.
June 28, 1955.

⎯2165

Thomas E. Twitty and John W. McConnell Jr., of Inge, Twitty, Armbrecht & Jackson, Mobile, Ala., for plaintiffs.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Carrington Williams, Sp. Assts. to the Atty. Gen., Percy C. Fountain, U. S. Atty., Mobile, Ala., for defendant.

THOMAS, District Judge.

These actions are for the refund of income taxes and excess profits taxes for the years 1944 and 1945. They relate generally to the same facts and issues, were consolidated for trial and accordingly consolidated findings will be rendered. The cases were tried before the Court sitting without a jury on December 14 and 15, 1954, followed by the submission of briefs.

The first action, Civil No. 1084, is for the recovery of $633.84 and interest alleged to be an overpayment of income taxes for the calendar year 1945. It relates solely to Questions (1) and (2) below. The second action, Civil No. 1085, is for the recovery of $4,323.80 and interest alleged as an overpayment of income taxes for the calendar year 1945 and relates only to Questions (1) and (2). The third action, Civil No. 1086, is for the recovery of $8,812.33 and interest alleged to have been erroneously collected as income tax for 1945, and relates to Questions (1), (2) and (3). Civil Action 1087 is for the recovery of $4,133.50 and interest alleged to constitute an overpayment of income taxes for the calendar year 1945. It relates to Questions (1) and (2) below. Civil No. 1303 is for the recovery of $4,021.36 and interest for the calendar year 1944, and $33,064.35 and interest for the calendar year 1945, both alleged to have been erroneous overpayments of excess profits taxes. This action relates to Questions (1), (4) and (5).

The questions presented by these cases are:

1. May a corporation deduct as an ordinary and necessary business expense under Section 23(a) (1) (A), Internal Revenue Code of 1939, 26 U.S.C.A. § 23 (a) (1) (A), a lump sum payment made by the corporation in settlement of litigation threatened against the corporation, its stockholders, and directors, for refusal of the stockholders to sign an agreed-upon option to sell all of the corporate stock to a would-be purchaser? And may the corporation deduct as an ordinary and necessary business expense under Section 23(a) (1) (A), Internal Revenue Code of 1939, the attorneys' fees incident to such settlement with the would-be purchaser? I have concluded that the answer to these questions is "no".

2. May the stockholders individually deduct pro rata portions of the settlement as ordinary and necessary business expenses under Section 23(a) (1) (A), or as non-trade or non-business expenses under Section 23(a) (2), Internal Revenue Code of 1939? I have concluded that the answer to this question is "yes".

3. Are attorneys' fees of $2,079.35 paid by the estate of Beulah Beer for representing her in these negotiations and settlement deductible as ordinary and necessary business expenses, under Section 23(a) (1) (A), or as non-trade or non-business expenses under Section 23(a) (2), Internal Revenue Code of 1939? My answer to this question is "no".

4. Are attorneys' fees charged L. Hammel Dry Goods Company incident to the acquisition and litigation settlement for all the stock of Adam Glass and Company an ordinary and necessary business expense, or a capital expenditure? I have concluded that these are ordinary and necessary business expenses.

5. Was the Commissioner of Internal Revenue correct in determining the depreciation rate on the air conditioning equipment of L. Hammel Dry Goods Company, Inc., under Section 23(*l*), Internal Revenue Code of 1939? The answer to this is "no".

### Findings of Fact

1. The plaintiff in the fifth action, L. Hammel Dry Goods Company (hereinafter referred to as "Hammel's"), is an Alabama corporation with a principal place of business located in Mobile, Alabama. In the latter part of 1944 Hammel's purchased a majority of the stock of Adam Glass and Company, Incorporated, a business adjoining its place of business in Mobile, Alabama. As a result of that purchase in December, 1944, one of the stockholders of Adam Glass and Company brought a suit in equity in the State Court of Alabama against Adam Glass, the majority stockholder, President and Director of Adam Glass and Company, other stockholders and directors of that Company, and Hammel's and its President, in which fraud and collusion and breach of fiduciary duties were alleged and in which it was prayed that the sale of the stock be set aside and that the minority stockholders be compensated for damages suffered by them. In January, 1945, a second suit was filed in the same court by the same stockholder against Adam Glass and Hammel's in which the sale of stock was sought to be set aside as contrary to an agreement executed in 1925 by the stockholders of Adam Glass and Company or in the alternative damages were sought for the breach of that agreement. A compromise was effected in these two cases. Hammel's employed the law firm of Smith and Caffey to represent it in these two suits and paid a sum of $5,019.69 in attorneys' fees and expenses in connection with these two suits, which it deducted as ordinary and necessary business expenses on its tax return for 1945. The Commissioner disallowed these deductions.

I find that these were ordinary, normal, usual and necessary business expenses under the circumstances.

2. In December, 1944, Mr. John Beer, President and active Manager of Hammel's died suddenly. Mr. Eppstein of Portland, Oregon, succeeded him; but his age and distance from the location of the business of necessity made this a temporary arrangement. As a result the stockholders of Hammel's became interested in selling their interest in the business and by power of attorney appointed the President of the Company, Arthur Eppstein, and Moses Rosenfeld, a Baltimore attorney, to represent them in negotiating a sale. In this power of attorney these individuals are named as agents and trustees for the stockholders. There then ensued lengthy negotiations for the sale of the assets of Hammel's to Latter. After the drafting of several options, the sellers and Latter agreed upon a form of contract giving to Latter an option to buy all the Hammel's stock (the choice of buying the assets or the stock was Latter's). Latter signed the agreement and gave his attorney in Mobile an earnest money check for $5,000 to be delivered to the sellers when they signed.

3. At the time of these negotiations, Latter was requested by Eppstein to purchase on behalf of Hammel's certain of the outstanding stock of Adam Glass and Company, the majority of which was

then owned by Hammel's. It was understood that if the sale of Hammel's to Latter was not consummated, the former would purchase such Adam Glass and Company stock from Latter at the cost of the same to Latter. This was ultimately carried out.

4. The sale of the Hammel's stock did not materialize. The stockholders of Hammel's disagreed among themselves as to the disposition of certain nonoperating real estate owned by that Company and whether they should sell the stock. The President, Arthur Eppstein, resigned and in his place the Directors elected Ferdinand Beer, Plaintiff in Civil No. 1084, as President.

5. The sellers notified Latter that they would not execute the option agreement, whereupon he threatened to sue the stockholders and directors, and to have the corporation administered by a receiver appointed by and under the supervision of the Court. Latter claimed that he was entitled to specific performance of the verbal agreement to grant an option.

6. A compromise was then effected between Latter and Hammel's. In return for Latter's full release of all the claims against the company, its stockholders, officers and directors, the company paid him $30,000. There was no separate agreement between Latter and the stockholders of Hammel's.

7. The company paid its attorneys for their services during these negotiations a fee of $1,000. It deducted this amount and the $30,000 settlement on its 1945 tax returns as ordinary and necessary business expenses, pursuant to Section 23(a) (1) (A) of the Internal Revenue Code of 1939. The deductions were disallowed by the Commissioner of Internal Revenue.

I find as a fact that these expenses were incurred for the benefit of the stockholders, not the corporation, although it may have received incidental benefits from the transaction. The expenditures, to the extent that they benefited the corporation, were made to protect its reputation, credit and standing in the community and with its employees.

8. The individual plaintiffs in the first four actions are all stockholders in Hammel's. The Commissioner, after disallowing the deductions sought by the corporation for the attorneys' fees and settlement paid to Latter on its 1945 income tax return, treated the $31,000 so paid by the corporation in that year as a constructive dividend to the stockholders of Hammel's. The individual plaintiff stockholders were thereupon charged with additional income by the Commissioner in the amount of each's proportionate share of these expenditures; and deficiencies in their income taxes for the year 1945 in the amount set out above were accordingly assessed to and paid by them. The individual plaintiff stockholders in their suits for refunds have sought to claim as deductions each's pro rata part of the $31,000, expended by the corporation in 1945 and treated by the Commissioner as additional income in that year, as ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income under Section 23(a) (2) of the Internal Revenue Code of 1939.

I find as a fact that each individual plaintiff stockholder's stock in Hammel's was held for the production of income and that each's pro rata part of the $31,000 expenditures in 1945 was an ordinary and necessary expense paid or incurred by each of them during the taxable year for the management, conservation or maintenance of property held for the production of income, said property being the shares of stock held by each in Hammel's.

9. During the course of the negotiations for the sale of her stock in Hammel's, Mrs. Beulah Beer, now deceased, was represented by Moses Rosenfeld, attorney and one of the agents under the power of attorney from all the stockholders. Mrs. Beer paid Rosenfeld $2,-

079.35 in fees and deducted this as an ordinary and necessary business expense on her 1945 income tax return. This deduction was disallowed by the Commissioner.

I find that this was not an ordinary, normal, usual or necessary business expense under the circumstances.

10. An issue unrelated to the above set of facts was raised by the Commissioner's ruling that the air conditioning system of Hammel's had a life of 20 years for depreciation purposes, under Section 23(*l*) of the Internal Revenue Code of 1939. The company contended that the equipment had a life of only 15 years, primarily due to the weather conditions and extensive use which such equipment undergoes in the Mobile climate. I find as a fact that this air conditioning equipment had a reasonable life expectancy of 15 years.

## Conclusions of Law

1. The Court has jurisdiction over these actions and the parties thereto.

2. The settlement paid Harry Latter by Hammel's and the incident attorneys' fees were not deductible by it as an ordinary and necessary business expense under Section 23(a) (1) (A) of the Internal Revenue Code of 1939. Deputy v. DuPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416.

3. The expenditures of $31,000 by the corporation in 1945 were made for the benefit of the stockholders of the corporation and were correctly treated as a constructive dividend to each stockholder of his or her pro rata part of such expenditures. Settlement of the Latter claim was made prior to institution of any litigation, and it is, therefore, difficult to determine precisely the theory of his claim against the stockholders. Lomas & Nettleton Co. v. United States, D.C., 79 F.Supp. 886, 895.

After the sale to Latter failed to materialize, Latter threatened the corporation and is stockholders with a suit for specific performance of the agreement to sell and for appointment of a receiver to operate the business pending determination of the suit. The attorneys for the corporation and the plaintiff stockholders were of the opinion that such a suit for specific performance could be defeated but did fear the effect on the business, and thereby on the value of its stock held by the plaintiffs, if such a suit were brought and if a receiver should be appointed to operate the business of the corporation.

4. The stock in Hammel's owned by the respective plaintiffs was property held by those individuals for the production of income. The same reasons and bases apply to deductions under Section 23(a) (2) of the Internal Revenue Code of 1939 as apply under Section 23(a) (1) (A). Hyman Y. Josephs, 8 T.C. 583, 588. The primary purpose of the settlement with Latter was not to clear plaintiffs' title to their stock in Hammel's but to prevent the threatened receivership for the corporation with the contemplated disastrous effects therefrom on its business and on the value and earnings of plaintiffs' stock therein.

5. The $1,000 attorneys' fees paid by the corporation (for its stockholders) to the law firm representing it in the Latter settlement fall in the same category as the $30,000 paid in settlement to Latter and are likewise deductible in full by each plaintiff to the extent of his or her pro rata share of the same. Lomas & Nettleton Co. v. United States, D.C., 79 F.Supp. 886, 897.

6. The fees of $2,079.35 paid by the Estate of Mrs. Beulah Beer to Moses Rosenfeld for representing her in the Latter negotiations and settlement were in addition to the settlement expenses and legal fees paid by the corporation and for which she was charged by the Commissioner as additional income. There was no evidence that such additional fee was required by the services and it is not deductible by her estate as an ordinary and necessary business expense nor as a non-trade or non-business expense.

7. The attorneys' fees which the Hammel Company paid in connection with the settlement of the two suits

brought by a minority stockholder in the Adam Glass Company were ordinary and necessary business expenses and are deductible as such. Lomas & Nettleton Co. v. United States, supra; Brooks Packing Company, 47, 143 P.-H. Memo. T.C.; General Pencil Company, 44, 214 P.-H. Memo. T.C.

8. The Hammel Company, Plaintiff, in No. 1303, has sustained its burden of proof that the Commissioner of Internal Revenue erred in determining that the depreciation rate on the air conditioning equipment of the Hammel Company should be computed on the basis of a 20-year life, rather than on a 15-year period. Tennessee-Arkansas Gravel Co. v. Commissioner of Internal Revenue, 6 Cir., 112 F.2d 508; Geuder, Paeschke & Frey Co. v. Commissioner of Internal Revenue, 7 Cir., 41 F.2d 308; Alamo Broadcasting Company, 15 T.C. 534.

9. Judgment orders in accordance herewith will be prepared and submitted by counsel.