Estate of A. M. Barnhart, Decd., (A trust), Stella Lazelle Barnhart, Trustee v. Commissioner. Stella Lazelle Barnhart v. Commissioner.
Estate of Barnhart v. Commissioner
Docket Nos. 57993, 57994.
United States Tax Court
T.C. Memo 1958-11; 1958 Tax Ct. Memo LEXIS 224; 17 T.C.M. (CCH) 47; T.C.M. (RIA) 58011; January 28, 1958
*224 Deductions: Legal expenses of trustee and life beneficiary of trust. - Taxpayer claimed deductions for legal expenses incurred in connection with a suit by remaindermen charging her, among other things, with waste and mismanagement of a trust of which she was trustee and life beneficiary. She also claimed deductions arising from alleged losses sustained by condemnation of trust property. The Tax Court held that taxpayer could not deduct any legal expenses as trade or business expenses since she was not a professional trustee. It held further that she could not deduct them as expenses incurred in management, conservation or maintenance of income producing property to the extent that they were incurred in opposing claims of waste and mismanagement. Insofar as the suit related to other charges, there was no evidence offered by which the Court might make an allocation. The deductions for condemnation losses were properly disallowed since taxpayer offered no evidence as to the basis of the property in question. Petition: Refund claimed for year not specified in notice of deficiency. - Taxpayer, in her petition, prayed that the Commissioner refund an alleged overpayment of tax for 1948. *225 Since the deficiency notice related only to 1950 and 1951, the Tax Court refused to consider this issue. Stella Lazelle Barnhart, pro se, 4455 South Drexel Boulevard, Chicago, Ill. Arnold I. Weber, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion In Docket No. 57993 respondent *226 has determined deficiencies in Federal income tax against the estate of A. M. Barnhart (A trust), hereinafter referred to as the trust, for the years 1950 and 1951 in the respective amounts of $2,297.03 and $7,940.90. In Docket No. 57994 respondent determined deficiencies in Federal income tax against Stella Lazelle Barnhart, hereinafter sometimes referred to as petitioner, as follows: 1948
$ 9,497.93
1949
11,266.32
1950
7,707.59
1951
13,031.51
The deficiencies determined by the respondent against the trust are predicated on the following holding set out in the statement attached to the notice of deficiency in Docket No. 57993: "The Internal Revenue Service has held that the corrected net income from the A. M. Barnhart Trust * * * was distributable to the life beneficiary [the petitioner in Docket No. 57994] and constituted a part of her taxable income. It is also held in the alternative, that such * * * income * * * is taxable to the A. M. Barnhart Trust in order to protect the Government's interest in the event it should ultimately be decided that such trust income is not taxable to the life beneficiary." In his brief respondent says with regard to *227 this matter: "In view of petitioner's admission in her petition that 'income from this trust was fully distributable to Stella Lazelle Barnhart' during the two years in question, reaffirmed and uncontroverted at the hearing and supported by all the pertinent evidence, it appears that this contingency is moot, and therefore respondent concedes that his alternative position in Docket No. 57993 is incorrect, and that the trust income for the years 1950 and 1951 was not taxable to the Estate of A. M. Barnhart." With regard to the deficiencies determined by respondent in Docket No. 57994 in the total amount of $41,503.35, the petition alleges as follows: "3. The taxes in controversy are income taxes for the year 1948 in the amount of $1,356.11, the amount of $3,445.94 for 1949, the amount of $1,603.72 for 1950 and the amount of $4,425.12 for 1951. "4. The respondent's determination of tax set forth in the said notice of deficiency is based in part in disallowing certain attorney's fees and legal expenses which the petitioner was forced to expend in conserving income-producing property. "5. The facts upon which the petitioner relies as the basis of this proceeding are as follows: *228 "The petitioner claims that in addition to such attorney's fees and legal expense as were allowed by the respondent the following amounts should also have been allowed as necessary expenditures to conserve income-producing property: 1948, $2,485.55; 1949, $6,348.01; 1950, $2,876.81; 1951, $7,174.56. "Wherefore, the petitioner prays that this Court may hear the proceeding and determine a reduction in the amount of income tax claimed by the respondent in accordance with the amounts indicated in paragraph 3 above." These cases, appearing on the Washington calendar at petitioner's request, were set for trial on December 3, 1956, pursuant to notice dated August 30, 1956. Upon their call, Stella Lazelle Barnhart appeared pro se in both. The cases were set over to December 4 to permit petitioner to employ counsel. When the cases were called for trial at 2 p.m. on December 4 petitioner was still without counsel. The Court strongly recommended to her that counsel be employed, and with the expressed hope that she would employ counsel and in order that the cases might be prepared for trial the Court tentatively continued the cases until December 13. The petitioner having indicated that *229 she had an aversion to the number 13, the Court then tentatively changed the continuance to Friday, December 14. The petitioner then indicated a strong aversion to Friday. It appearing that Monday, December 17, was in no way repulsive to petitioner, the cases were continued for hearing to that date. However, in spite of the efforts of the Court, petitioner appeared on December 17 again without counsel and presented the cases pro se. As a result the record herein is deplorable. At the conclusion of the trial herein time was granted to the parties for the filing of briefs. Petitioner has filed no brief. On November 19, 1956, subpoenas duces tecum were issued to petitioner requiring her to produce at the trial of these cases "All cancelled checks, receipts, or other records for the years 1948-1951, inclusive, relating to attorney fees arising out of legal proceedings in connection with the Estate of A. M. Barnhart, Dec'd." Petitioner did not comply with these subpoenas. The questions presented are: (1) Whether legal expenses arising out of a lawsuit charging the petitioner Stella Barnhart, as trustee, with waste and mismanagement of the trust assets are deductible by the petitioner; *230 (2) whether certain condemnation losses affecting the estate of A. M. Barnhart reduced the income distributable to the petitioner Stella Barnhart as life beneficiary of the trust; and (3) whether an alleged overpayment of $4,287.86 in the year 1948 is properly before the Court in Docket No. 57993. Findings of Fact The petitioner, Stella Lazelle Barnhart, hereinafter referred to as the petitioner, is the trustee of the estate of A. M. Barnhart, deceased. In her capacity as trustee of the estate the petitioner filed fiduciary income tax returns on behalf of the estate during the taxable years in issue. The petitioner filed her individual income tax returns and the fiduciary income tax returns for the estate during the years 1948 through 1950, inclusive, with the then collector of internal revenue for the first district of Illinois, and for the year 1951 with the district director of internal revenue at Chicago, Illinois. On July 20, 1911, Arthur M. Barnhart executed his last will and testament which provided that all his property after payment of debts and funeral expenses be placed in trust with his wife, the petitioner herein, together with two other persons as trustees. Under *231 the terms of the trust, petitioner and her son were designated beneficiaries to share the entire net income of the trust for their lives in specified proportions. In the event that the petitioner should survive her son, and the son left no surviving issue, the testamentary trust provided that "then the whole of said remaining net income shall go and be turned over to my said wife, during her life and until her death * * *" The son died without issue in 1936. Upon petitioner's death the corpus of the trust is distributable to the heirs-at-law of Arthur M. Barnhart. The petitioner was the sole trustee of the estate during the taxable years in issue. She received no compensation for her services as trustee during the taxable years. She has not been a trustee in any instances other than for this estate. She was the guardian under Arthur M. Barnhart's will for her son during his minority, and after his death administered his estate. From the time of her son's death until the present the petitioner has been the sole life beneficiary of the trust, and all income has been distributable to her. There is no language in the will to show that the corpus of the testamentary trust was to remain *232 unimpaired, and, also, there was no provision that any income was to be added to principal. Over the years since the inception of the testamentary trust there have been diminutions of the trust capital. In her fiduciary income tax returns petitioner claimed that condemnation losses occurring in 1949 and 1951 gave rise to net operating losses. In statements attached to the fiduciary returns for those years petitioner alleged that the basis of the real property condemned was $110,000, that one half of that property was condemned by the city of Chicago, Illinois, in 1949 and the remaining half in 1951, and that the trust suffered losses of $42,000 and $25,000, respectively, in those years, having allegedly been compensated for the condemned realty in the amounts of only $13,000 and $30,000, respectively. Petitioner offered no evidence to substantiate the alleged basis of the real property, or to substantiate the alleged amount of compensation for its condemnation. Prior to the taxable years a lawsuit was brought by the remainderman of the testamentary trust against petitioner individually and also as trustee. This suit, in the Circuit Court of Cook County, Illinois, demanded (1) an *233 accounting; (2) restoration of supposed losses due to alleged improper retention of investments made by the decedent, such restoration to be made out of income payable to petitioner as life beneficiary; (3) appointment of a new trustee, and of a receiver during pendency of the proceedings; (4) a determination as to whether repayment had been made by petitioner of sums advanced to her by the executors to pay inheritance taxes against her life interest and for repayment of such amounts by making them a charge against income; (5) a determination that the plaintiffs would be entitled to the corpus of the trust upon the death of petitioner; and (6) a determination that petitioner had no interest in the trust estate as an heir-at-law of the decedent. In connection with this lawsuit petitioner retained as counsel Edson R. Sunderland and the law firm of Kirkland, Fleming, Green, Martin & Ellis. Some legal fees were paid to these attorneys but petitioner did not produce canceled checks or other records to substantiate the payments, or to show the amount of legal fees paid during the taxable years, despite the fact that subpoenas duces tecum had been issued directing her to do so. The record *234 contains disparate amounts claimed as legal expenses. In her individual and fiduciary income tax returns for the years 1948 through 1951, and 1949 through 1951, respectively, the following legal expense deductions were claimed and the indicated amounts were disallowed: Individual Returns
Fiduciary Returns
Claimed
Disallowed
Claimed
Disallowed
1948
$ 4,614.16
$ 4,000.00
1949
[1] 3,218.41
3,000.00
$2,750.00
$2,300.00
1950
3,579.15
3,000.00
100.00
[2]
1951
6,730.52
6,730.52
2,500.00
2,500.00
$18,142.24
$16,730.52
$5,350.00
$4,800.00
In her petition in Docket No. 57994 herein petitioner claimed deductible legal expenses in addition to those allowed by respondent as follows: 1948
$ 2,485.55
1949
6,348.01
1950
2,876.81
1951
7,174.56
$18,884.93
In Docket No. 57993 petitioner's allegations of fact were as follows: "6. The facts upon which the petitioner relies as the basis of this proceeding are as follows: Because of the pendency of a suit in the Circuit Court of Cook County, Illinois, in which the petitioner *235 Stella Lazelle Barnhart is charged with waste and mismanagement, it became necessary then and is necessary today to expend large sums for attorney's fees to conserve income-producing property. Such attorney's fees amounted to $3,099.71 in 1948, $7,016.42 in 1949, $4,005.96 in 1950, and $7,524.56 in 1951. These expenditures are deductible by the trust, or in the alternative, by the beneficiary." At the hearing petitioner read into the record the following list of figures allegedly prepared by a Mr. Klapman from her records and described the amounts as her legal expenses for the taxable years: Individual
Fiduciary
1948
$ 4,614.16
$2,000.00
1949
3,218.41
2,750.00
1950
3,579.15
550.00
1951
6,930.52
2,650.00
$18,342.24
$7,950.00
At a conference with William J. Holliman, a technical adviser for the Internal Revenue Service, held prior to the issuance of the notice of deficiency, petitioner produced canceled checks which represented a major portion of the amount of legal expenses as claimed on the income tax returns. At that conference, however, petitioner admitted that a portion of those checks, most of which were signed in a fiduciary capacity, *236 represented payment for law reports and law books rather than payment of legal fees in connection with the lawsuit. The checks in payment of law books did not represent a major portion of the total number of checks. Petitioner testified that $2,500 legal expenses claimed on the fiduciary return for the year 1951 were not connected with the law suit, but represented legal fees for preparation of leases and similar matters. No other evidence was offered by petitioner to substantiate the payment or character of these amounts. She had previously testified that the attorneys' fees here involved were paid "for the purpose of the defense against false accusations against the trustee." Even though the lawsuit involved a number of grounds, petitioner testified that the underlying and pervasive ground was the charge of waste and mismanagement. Petitioner personally, rather than the trust, paid legal expenses arising out of the lawsuit. Certain aspects of the lawsuit other than the issues relating to waste and mismanagement have been decided. The personal property of the trust was placed in escrow by a court order in 1952, but was subsequently released. It has been determined sometime subsequent *237 to the years in issue that the petitioner was merely the life beneficiary of the trust and that she does not have a fee interest in the trust. Petitioner, during the years in issue, was neither professionally a trustee nor was she engaged in trade or business as a trustee. Opinion KERN, Judge: The questions presented herein concern the deductibility of legal expenses, most of which arise out of a lawsuit characterized by petitioner as charging her, as trustee, with waste and mismanagement of trust assets, and the deductibility of certain condemnation losses of the trust in computing the amount of trust income distributable to petitioner as beneficiary. There is also the question of whether an alleged overpayment of taxes in 1948 in Docket No. 57993 is properly before the Court. As already indicated, we are faced with a very unsatisfactory record in this case. Petitioner's presentation consisted almost entirely of irrelevant and unsupported oral statements. She failed to produce canceled checks, receipts, and other records relating to the payment of attorneys' fees, notwithstanding the fact that this Court had issued subpoenas duces tecum directing her to produce them. Obviously, *238 the submission of checks to a representative of the respondent at a conference, held before the issuance of any notice of deficiency, cannot be considered as proof in this proceeding. Her presentation of the facts has been unsuccessful in spite of assistance given to her by counsel for respondent, and, to the extent propriety permitted, by the Court itself. Regardless of our sympathy for petitioner, we are unable to conclude that she has sustained the burden of proof in showing error in the respondent's determination. Even assuming that the record contains sufficient facts upon which to decide the issue involving the deductibility of attorneys' fees, we believe that it must be decided against the petitioner. This issue concerns the deductibility of legal expenses, most of which are alleged by petitioner to have been paid in connection with a lawsuit charging the petitioner, as trustee, with waste and mismanagement of trust assets. Petitioner first contends that these expenses are deductible by her personally as a professional trustee under section 23(a)(1) of the Internal Revenue Code of 1939 as being ordinary and necessary business expenses. We agree with the respondent's contention *239 that the petitioner was not a professional trustee. It is only in unusual circumstances that a person acting as a trustee in a single instance can be held to be a professional trustee. In Frederic A Seidler, 18 T.C. 256, 259 (1952), citing Willoughby H. Stuart, Jr., 32 B.T.A. 574 (1935), affd. 84 Fed. (2d) 368 (C.A. 1, 1936), certiorari denied 299 U.S. 575 (1936), and Estate of Hyman Y. Josephs, 12 T.C. 1069 (1949), this Court stated that the taxpayer therein "was not in the business of acting as a trustee, there being no evidence that he ever so acted either prior to this occasion or subsequent thereto. He received no fees or commissions while acting in the capacity of a trustee and when the litigation commenced he stated he wanted none. This single instance of acting as a trustee was too isolated and too incidental to be considered a trade or business * * *." The lack of evidence as to other instances in which petitioner acted as a trustee makes it impossible for us to accept her argument that her trusteeship for the estate involved herein was her means of livelihood and therefore constituted her trade or business. *240 The term "trade or business" when used in relation to the expenses of an individual means the pursuit or occupation to which an individual contributes a major or substantial part of his time for the purpose of livelihood or profit. Snyder v. Commissioner, 295 U.S. 134 (1935). The petitioner was not in the trade or business of being a trustee. Petitioner's individual and fiduciary income tax returns reflect that her entire income derived from the trust during the years in issue was received in her capacity as the beneficiary of the trust. She received no fees or commissions during the taxable years as trustee and nothing in the record indicates that she had made any charge on account thereof. The lawsuit, which was the subject of the legal expense deductions, involved many questions, although the petitioner claimed that the waste and mismanagement charge was pervasive of the entire suit. To some extent the lawsuit was directed towards the question of whether the petitioner had a remainder interest in the trust, and, thus, the suit involved the question of title. Legal expenditures made to perfect title to property are capital in nature and hence are not deductible. *241 Daniel S. W. Kelly, 23 T.C. 682 (1955), affd. 228 Fed. (2d) 512 (C.A. 7, 1956). The petitioner has made no attempt at an allocation of these legal expenses and the record gives us no basis on which any allocation could be made by an application of the doctrine of Cohan v. Commissioner, 39 Fed. (2d) 540 (C.A. 2, 1930), even in the event that we were able to find that some of the legal expenses were attributable to the operation of a business. Having held that the petitioner is not entitled to deduct the claimed legal expenses under section 23(a)(1), we must next consider whether any of the claimed deductions are properly deductible under section 23(a)(2) as expenses incurred "for the management, conservation, or maintenance of property held for the production of income." We have no hesitancy in denying the deduction under section 23(a)(2) of these legal expenses incurred in opposing claims of waste and mismanagement, for such expenses were not incurred for the production or collection of income, or for the management, conservation, and maintenance of property held for the production of income. Estate of Edward W. Clark, III, 2 T.C. 676 (1943); *242 Commissioner v. Heide, 165 Fed. (2d) 699 (C.A. 2, 1948). Again we can make no allocation. The unsupported statement of petitioner that $2,500 of the legal expenses claimed as deductions by the trust for 1951 were in payment of attorneys' fees in connection with the making of leases, which statement is contradicted by other testimony of petitioner, cannot be accepted as proof thereof. The other issue for our consideration is whether certain condemnation losses affecting the trust in 1949 and 1951 should be deductible from the amount of income distributable to the petitioner as the life beneficiary of the trust. In this instance, we have no alternative but to hold that the petitioner has failed to sustain her burden of proof for there is a total lack of evidence showing the basis for the property condemned and the amount of the compensation received in the condemnation proceedings. The only evidence is to the claimed condemnation losses in the record appears on the fiduciary income tax returns, and it is well settled that information contained on the return is not proof of the item claimed thereon. Watab Paper Co., 27 B.T.A. 488 (1932). In Docket No. 57993, *243 petitioner has made a further prayer that the respondent refund the amount of a $4,287.86 overpayment for the year 1948. At the trial, the respondent moved that this prayer be stricken as not being properly before the Court. We have noted from the notice of deficiency in this Docket that the respondent determined deficiencies only for the years 1950 and 1951. Under section 6214(b) of the 1954 Code, this Court "in redetermining a deficiency of income tax for any taxable year or of gift tax for any calendar year shall consider such facts with relation to the taxes for other years as may be necessary correctly to determine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year has been overpaid or underpaid." Also see Wiener Machinery Co., 16 T.C. 48 (1951). Accordingly, respondent's motion to strike should be granted and this issue removed from the case. Decisions will be entered under Rule 50. Footnotes
1. This deduction was claimed on account of "Legal and secretarial expense." ↩
2. None.↩